**SO ORDERED.**

**SIGNED this 20 day of September, 2013.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF NORTH CAROLINA
### NEW BERN DIVISION

**IN RE:**

| | |
|---|---|
| **DONALD ARTHUR STOCKS,** | **CHAPTER 13** |
| **HARRIETT JONES STOCKS,** | **CASE NO. 13-00482-8-RDD** |
| **DEBTORS** | |

### ORDER DENYING OBJECTION TO CLAIM

Pending before the Court is the Objection to Claim (Verified), Notice Thereof and Certificate of Service (the "Objection to Claim") filed by Donald Arthur Stocks and Harriett Jones Stocks (the "Debtors") on April 15, 2013 and the U.S. Bank, N.A. d/b/a U.S. Bank Equipment Finance's Response to Objection to Claim and Request for hearing filed by U.S. Bank, N.A. d/b/a U.S. Bank Equipment Finance ("U.S. Bank") on May 17, 2013. The Court conducted a hearing on July 23, 2013 in Greenville, North Carolina to consider these matters.

### STATEMENT OF FACTS

On January 24, 2013, the Debtors filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. On Amended Schedule F, the Debtors list U.S. Bank with a claim of $0.00. The claim is listed as disputed.

On March 28, 2013, U.S. Bank filed Proof of Claim No. 16-1 (the "Claim") in the amount

of $248,267.02, based on a lease agreement. The Claim arises from a Guaranty agreement, signed by Mr. Stocks, personally guaranteeing a lease agreement as the 100% stockholder of Renascence, Inc. The lease agreement was between Renascence, Inc. and U.S. Bank for the lease of a Ryobi Press and required eighty-four monthly lease installments beginning December 13, 2007 and terminating January 13, 2015.

>The guaranty agreement provides:

>Guarantor hereby promises to pay Creditor when due, on demand, all indebtedness of any kind or nature emanating from the Agreements (including, without limitation, if an event of default shall occur under the Agreements, payment on demand of all unpaid sums to become due under the defaulted Agreements for the entire term thereof), whether now or hereafter arising . . .

>This Guaranty is unlimited, absolute, irrevocable and unconditional and shall continue in full force and effect until all the Obligations shall have been fully, completely and finally satisfied and paid. The obligations of Guarantor hereunder shall continue and survive the repossession of any property leased pursuant to the Agreements, or any property in which Creditor has a security interest securing any of the Obligations, whether or not any such repossession constitutes an "election of remedies" against the Obligor or any other person. . . . The obligations of the Guarantor shall not be subject to any abatement, setoff, defense or counterclaim for any cause whatsoever . . .

>Guarantor hereby waives any and all defenses to its obligations hereunder including, without limitation, any defense arising by reason of any cessation of the Obligor's business or any bankruptcy, insolvency or business failure of the Obligor or any other person. Each and every waiver made herein by Guarantor is and shall be construed as an absolute, irrevocable and unconditional waiver of the right waived . . .

>This Guaranty shall be governed by and construed in accordance with the laws of the State of Oregon . . .

Renascence, Inc. defaulted on the lease payment due August 19, 2009. The last payment made on the lease was in July of 2009. U.S. Bank sent Mr. Stocks a letter dated September 24,

2009, informing Mr. Stocks that he was in material and continuing default under the lease agreement and that the total amount due was $12,083.93. On October 15, 2009, Mr. Stocks signed a Voluntary Surrender Agreement whereby Mr. Stocks surrendered the equipment subject to the lease on October 15, 2009 to U.S. Bank. Renascence, Inc. filed a chapter 11 petition for relief on February 1, 2010, Case No. 10-000746-8-SWH. During Renascence, Inc.'s Chapter 11 proceeding, Renascence agreed to relief from the automatic stay to allow U.S. Bank to sell the equipment at a private sale. On June 30, 2011 U.S. Bank sold the equipment at a private sale and applied the net proceeds to the lease account and Mr. Stocks's guaranty. On March 30, 2012, U.S. Bank sent Mr. Stocks a letter noting the Ryobi Press that was repossessed was sold in June 30, 2011. The letter states that the current balance due is $245,280.60. The letter states "[s]ince you are the Personal Guarantor of the referenced account, you are personally responsible for the balance."

The Debtors' Plan has not yet been confirmed. The Debtors filed the Objection to the Claim, stating that the claim is barred by the three year statute of limitations set forth in North Carolina General Statute § 1-52(1). The Debtors contend that the right to sue upon the guaranty arose immediately upon the failure of Renascence, Inc. to make the August 2009 payment. Accordingly, the Debtors contend the Claim asserted by U.S. Bank is time barred pursuant to North Carolina General Statute § 1-52(1) after three years from August 12, 2009. Because U.S. Bank failed to file suit to collect on this obligation prior to August 12, 2012, the Debtors argue it is barred to do so by the statute of limitations. The Debtors request that the Court disallow the claim.

U.S. Bank responds that pursuant to the terms of the guaranty, Mr. Stocks knowingly and intentionally waived all defenses to payment, which would include the statute of limitations defense. U.S. Bank contends pursuant to the terms of the guaranty, the guaranty is to be interpreted under

Oregon law. U.S. Bank cites to *Fox v. Collins*, 238 Or. App. 240, 241 P.3d 762 (2010) and argues that because the statute of limitations defense is waivable under Oregon law if it is not pled as an affirmative defense in a lawsuit, the contractual waiver of the statute of limitations defense is not against the public policy of Oregon and should be enforced as written. Further, U.S. Bank contends that statutes of limitation are procedural matters specific to each state and in North Carolina a lease agreement is treated like an installment contract when determining the accrual of a cause of action. U.S. Bank requests that the Court allow the claim.

## **DISCUSSION**

Statutes of limitation are procedural in nature. *Boundreau v. Baughman*, 322 N.C. 331, 340, 368 S.E. 2d 849, 857 (N.C. 1988). Procedural rights are specific to each state and are determined by the law of the forum. 322 N.C. at 335, 368 S.E.2d at 854. In North Carolina, the statute of limitations for a lease agreement is four years from the accrual of the cause of action. N.C. Gen. Stat. § 25-2A-506. The statute of limitations for a guaranty agreement is three years from the accrual of the cause of action. N.C. Gen. Stat. § 1-52(1); *Vreede v. Koch*, 94 N.C. App. 524, 380 S.E. 2d 615 (1989). In North Carolina the general rule is that when an obligation is payable by installments, "the statute of limitations runs against each installment individually from the time it becomes due, unless the creditor exercises a contractual option to accelerate the debt, in which case the statute begins to run from the date the acceleration clause is invoked." *United States Leasing Corp. V. Everett, Creech, Hancock, and Herzig*, 88 N.C. App. 418, 426, 363 S.E.2d 665, 669 (1988). The obligation at hand is a lease agreement, payable in monthly installments. The lease agreement required eighty-four monthly lease installments beginning December 13, 2007 and terminating January 13, 2015. On March 30, 2012, U.S. Bank sent Mr. Stocks a letter noting the leased equipment was sold

4

pursuant to a private sale and the entire current balance of $245,280.60 was due and that Mr. Stocks was personally liable for the balance. The Court finds the March 30, 2012, letter constituted a demand by U.S. Bank of all unpaid amounts to become due. Accordingly, the entire balance came due on March 30, 2012, the date the cause of action accrued. The Claim was filed on March 28, 2013, which is prior to the expiration of the limitations period on March 30, 2015. Therefore, the Claim is not barred by the statute of limitations on the guaranty agreement which is three years from the accrual of the cause of action.

## CONCLUSION

In conclusion, Proof of Claim No. 16-1 filed by U.S. Bank on March 28, 2013 in the amount of $248,267.02 is **ALLOWED**. Therefore, the Objection to Claim is **OVERRULED**.

**SO ORDERED.**

**END OF DOCUMENT**